

EXHIBIT 1

OWINGS MILLS
10075 Red Run Boulevard
Suite 401
Owings Mills, MD 21117
(443) 738-4900

FREDERICK
10 N. Jefferson St.
Suite 200
Frederick, MD 21701
(240) 220-2415

Donald J. Walsh
dwalsh@RKWLawGroup.com
Direct Dial: (443) 379-4011

May 9, 2024

**NOTICE TO PRESERVE DOCUMENTS AND**

**ELECTRONICALLY STORED INFORMATION**

**\*   \*   \***

**THIS LETTER REQUIRES IMMEDIATE ATTENTION**

**AND INTERVENTION**

*Via Email ([pevelius@wcslaw.com](mailto:pevelius@wcslaw.com)) and Regular Mail*

Paul F. Evelius, Esquire
Wright, Constable & Skeen
1 Olympic Place, Ste 800
Towson, MD 21204

      RE:   Bit Reactor, LLC

Dear Paul:

    This firm represents Alison Kelly. As you know, Alison is a member in Bit Reactor, LLC and we have recently demanded a variety of documents from the Company and its other member, Greg Foertsch. At this time, as the corporate counsel for Bit Reactor, LLC, we believe that you and Wright, Constable and Skeen, LLP have documents and possess facts relevant to various issues and disputes which have arisen between the members. You are clearly a material witness in these disputes. In particular, we are now aware of recent inconsistencies you have made in identifying the ownership of Bit Reactor, LLC which resulted in Mr. Foertsch obtaining a loan using the Company's assets. Among other things, the information provided to you is extremely relevant to the current investigation and demands of the Company and Mr. Foertsch.

    I am aware that you may have had conversations with Greg Foertsch independent and out of the presence of Ms. Kelly while speaking with him in your capacity as corporate counsel. This letter is to advise you that Ms. Kelly does not waive any conflict and your position as corporate

counsel precludes you from representing either of the members of Bit Reactor, LLC in any personal capacity. Your loyalty of interests continues to appropriately belong to Bit Reactor, LLC.

In addition, this letter is a demand that you, as corporate counsel for Bit Reactor, LLC preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to its ownership, operations, employment or Alison Kelly through and including the present date until this matter is resolved. This includes any and all emails, correspondence, corporate documents, drafts, memos, text messages, documents provided by Bit Reactor, LLC to you or your firm, billing records and phone records of any interactions or communications you or your firm have had with Bit Reactor, LLC or its owners. Preservation, includes, but is not limited to, NOT destroying, NOT concealing, or NOT altering any paper or electronic files and other data generated by and/or stored on your computers and storage media, or any other electronic data, such as emails, texts and voice mail messages.

You should anticipate that much of the information subject to disclosure, responsive to discovery (which will be issued should litigation commence), and/or evidence in this matter is stored on your current and former computer systems and other media and devices, including, but not limited to personal digital assistants, voice-messaging systems, online repositories and cell phones.

Electronically stored information (hereinafter "ESI") should be afforded the broadest possible definition. It includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as:

    a.    Digital or analog communications, both sent and received, whether internally or externally;

    b.    Digital or analog electronic files, including "deleted" files and file fragments, stored in machine-readable format on magnetic, optical, or other storage media, including thumb drives, hard drives, floppy disks used by your computers and their backup media (e.g., other hard drives, backup tapes, floppies, Jaz cartridges, CD-ROMs) or otherwise, whether such files have been reduced to paper printouts or not;

    c.    Word processed documents, including drafts and revisions;

    d.    Spreadsheets and tables, including drafts and revisions;

    e.    Accounting Application Data;

    f.    Image and Facsimile Files (e.g., PDF, .tiff, .jpg, .gif images);

    g.    Sound Recordings (e.g., .wav and .mp3 files);

    h.    Video and Animation (e.g., .avi and .mov files);

  i. Databases (e.g., Access, Oracle, SQL Server data, SAP); Contact and Relationship Management Data (e.g., Outlook, ACT!);

  j. Calendar, Task Management, Diary Application Data, and personal information management (e.g., Outlook PST, Yahoo, blog tools, Lotus Notes);

  k. Online Access Data, including Internet and Web-browser-generated history files, caches, and temporary internet files including anything on any and all backup storage media;

  l. Data created with the use of paper and electronic mail logging and routing software;

  m. Presentations or slide shows (e.g., PowerPoint, Corel Presentations);

  n. Network Access and Server Activity Logs; Project Management Application Data, including graphs, charts and other data;

  o. Computer Aided Design/Drawing Files, including drafts and revisions; and,

  p. Back-up and Archival Files (e.g., Zip, .GHO).

  q. Text messages and Emails.

  r. Slack messages.

  s. Any code or comments on code contained in Perforce.

  ESI resides not only in areas of electronic, magnetic and optical storage media reasonably accessible to you, but also in areas you may deem not reasonably accessible. You are obliged to preserve potentially relevant evidence from both these sources of ESI, even if you do not anticipate producing such ESI.

  The demand that you preserve both accessible and inaccessible ESI relevant to this matter is limited, reasonable, and necessary. As you are aware, state and federal laws require that you preserve and at the appropriate time produce all sources of ESI.

  In the course of the above-referenced litigation you should anticipate that, for good cause shown, the court may order production of ESI, even if it finds that it is not reasonably accessible. Accordingly, even ESI that you deem reasonably inaccessible must be preserved in the interim so as not to deprive Ms. Kelly of her right to secure the evidence or the Court of its right to adjudicate the issue.

<u>Preservation Requires Immediate Attention</u>

  You must act IMMEDIATELY to preserve potentially relevant ESI including, without limitation, through the date of this demand and going forward concerning:

a. All documents and ESI pertaining to Bit Reactor, LLC or its owners, including but not limited to any correspondence, notes, documents, inter-office communications, and emails;

b. All text-message communications on any cell phone or other electronic device related to Bit Reactor, LLC or its owners;

c. All voice-mail communications related to Bit Reactor, LLC or its owners;

d. All Slack messages related to Bit Reactor, LLC or its owners, officers or operations;

e. All documents and ESI regarding claims by or against Bit Reactor, LLC or its owners.

f. All Loans applied for or obtained by Bit Reactor, LLC from any financial institution.

g. All documents concerning any accounts, investment vehicles, deposits or CD's at any financial institutions.

h. All documents preserved in any Google Drive or other cloud drives used by the company or its owners.

i. All records of any project updates.

j. All communications and documentations pertaining to any stock plan or employee benefits plans.

k. All contracts with any independent contractors paid by the Company.

l. All password logs.

m. All employment files including any PIP's, terminations, reviews or offer letters to any applicants or employees.

n. All communications and documentation pertaining to any plans or promises of bonuses or raises available to all employees.

o. All communications with any publisher by the Company's owners or officers.

p. The formation of BRKM, LLC and any corporate opportunities pursued through BRKM, LLC.

We reserve the right to supplement this list.

Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence. You must also intervene to prevent loss due to routine operations and

employ proper techniques and protocols suited to protection of ESI. Be advised that sources of ESI are altered and erased by continued use of your computers and other devices. For example, booting a drive, examining its contents or running any application may irretrievably alter the evidence it contains and may result in the unlawful spoliation of evidence. Therefore, alteration and erasure may result from your failure to act diligently and responsibly to prevent loss or corruption of ESI.

Nothing in this demand for preservation of ESI should be understood to diminish your concurrent obligation to preserve documents, tangible things, and other potentially relevant evidence.

### Suspension of Routine Destruction

You are directed to immediately initiate a litigation hold for potentially relevant ESI, documents and tangible things, and to act diligently and in good faith to secure and audit compliance with such litigation hold. You are further directed to immediately identify and modify or suspend features of your information systems and devices that, in routine operation, operate to cause the loss of potentially relevant ESI. Examples of such features and operations include:

a.  Purging the contents of e-mail repositories or text messages by age, capacity or other criteria;

b.  Using data or media wiping, disposal, erasure or encryption utilities or devices;

c.  Overwriting, erasing, destroying or discarding back-up media;

d.  Re-assigning, re-imaging or disposing of systems, servers, devices or media;

e.  Running antivirus or other programs effecting wholesale metadata alteration;

f.  Releasing or purging online storage repositories;

g.  Using metadata stripper utilities;

h.  Disabling server or IM logging; and,

i.  Executing drive or file defragmentation or compression programs.

### Preservation in Native Form

You should anticipate that certain ESI, including but not limited to spreadsheets and databases, text messages and emails with attachments, will be sought in the form or forms in which it is ordinarily maintained. Accordingly, you should preserve ESI in such native forms, and you should not select methods to preserve ESI that remove or degrade the ability to search your ESI by electronic means or make it difficult or burdensome to access or use the information efficiently in the litigation.

You should additionally refrain from actions that shift ESI from reasonably accessible media and forms to less accessible media and forms if the effect of such actions is to make such ESI not reasonably accessible.

### Metadata

You should further anticipate the need to disclose and produce system and application metadata and act to preserve it. System metadata is information describing the history and characteristics of other ESI. This information is typically associated with tracking or managing an electronic file and often includes data reflecting a file's name, size, custodian, location and dates of creation and last modification or access. Application metadata is information automatically included or embedded in electronic files but which may not apparent to a user, including deleted content, draft language, commentary, collaboration and distribution data and dates of creation and printing. Be advised that metadata may be overwritten or corrupted by careless handling or improper steps to preserve ESI. For electronic mail, metadata includes all header routing data and Base 64 encoded attachment data, in addition to the To, From, Subject, Received Date, CC and BCC field.

### Ancillary Preservation

You must preserve documents and other tangible items that may be required to access, interpret or search potentially relevant ESI, including logs, control sheets, specifications, indices, naming protocols, file lists, network diagrams, flow charts, instruction sheets, data entry forms, abbreviation keys, user ID and password rosters or the like. These documents, whether kept in paper or electronic form, must be preserved, as well as all copies of your backup tapes and the software necessary to reconstruct the data on those tapes, so that there can be made a complete bit-by-bit "mirror" evidentiary image copy of the storage media of each and every personal computer (and/or workstation) and network server in your control and custody, as well image copies of all hard drives retained by you that are no longer in service.

You must preserve any passwords, keys or other authenticators required to access encrypted files or run applications, along with the installation disks, user manuals and license keys for applications required to access ESI.

### Paper Preservation of ESI is Inadequate

As hard copies do not preserve electronic searchability or metadata, they are not an adequate substitute for, or cumulative of, electronically stored versions. If information exists in both electronic and paper forms, you should preserve both forms.

### Agents and Third Parties

Your preservation obligation extends beyond ESI in your care, possession or custody and includes ESI in the custody of others that is subject to your direction or control. Accordingly, you must notify any current or former agent, attorney, employee, custodian, or contractor in possession

of potentially relevant ESI to preserve such ESI to the full extent of your obligation to do so, and you must take reasonable steps to secure their compliance.

### Do Not Delay Preservation

I am available to discuss reasonable preservation steps; however, you should not defer preservation steps pending our discussions if ESI will be lost or corrupted as a consequence of delay. If the failure to preserve potentially relevant evidence results in the corruption, loss or delay in the production of evidence to which we are entitled, such failure would constitute spoliation of evidence, for which our client and we will not hesitate to seek sanctions.

### Confirmation of Compliance

Please confirm by May 14, 2024, that you have taken steps outlined in this letter to preserve ESI and tangible documents potentially relevant to this lawsuit. If you have not undertaken the steps outlined above, or have taken other actions, please describe what you have done to preserve potentially relevant evidence.

If you wish to discuss this further, feel free to contact me at any time.

Sincerely,

Donald J. Walsh

cc:   Greg Foertsch



**OWINGS MILLS**
10075 Red Run Boulevard
Suite 401
Owings Mills, MD 21117
(443) 738-4900

**FREDERICK**
10 N. Jefferson St.
Suite 200
Frederick, MD 21701
(240) 220-2415

Donald J. Walsh
dwalsh@RKWLawGroup.com
Direct Dial: (443) 379-4011

May 23, 2024

*Via Email (*pevelius@wcslaw.com*)*

Paul F. Evelius, Esquire
Wright, Constable & Skeen
1 Olympic Place, Ste 800
Towson, MD 21204

   RE: Bit Reactor, LLC

Dear Paul:

  Attached are minutes of the Meeting of Members held last evening for Bit Reactor, LLC. Mr. Foertsch chose to not appear at that meeting. Ms. Kelly intends to act consistent with this direction.

  Since you have not yet conceded your inability to represent Mr. Foertsch individually, please confirm that you have passed these minutes directly to him or his new counsel.

  If he or his new counsel wish to discuss anything further, we remain open to having a discussion.

         Sincerely,

         Donald J. Walsh

Enclosures

cc: Alison Kelly

## MINUTES OF MEETING OF MEMBERS OF
## BIT REACTOR, LLC
### May 22, 2024

The undersigned, constituting all of the Members of Bit Reactor, LLC, a Maryland Limited Liability Company (the "Company"), do hereby take the actions below set forth and do hereby consent as of this 22nd day of May, 2024, as follows:

Pursuant to Md. Code, Corp. & Assoc, §4A-403 a Meeting of the Members was noted by Alison Kelly to occur on May 22, 2024 at 6:00pm at the office of the Company ("Meeting Notice"). Attached Ex. 1. The Meeting Notice was provided to each Member. The location was subsequently changed when on May 22 Greg Foertsch prohibited entrance to the Company's premises and new notice was provided. Attached Ex. 2. Present at the meeting was Alison Kelly. Greg Foertsch did not attend the meeting.

The Meeting Notice identified numerous issues which needed to be discussed and was accompanied by a document demand pursuant to Md. Code, Corp. & Assoc, §4A-406 for information permitted to be requested by a Member under law ("Document Demand"). Attached Ex. 3. The information was necessary to discuss, fully understand and correct the issues identified in the Meeting Notice. The issues identified involved Greg Foertsch and other employee's actions which impacted the successful operation of the Company, potentially creating liabilities to the Company which were not being appropriately addressed and the fact that Greg Foertsch had appeared to have taken actions to use the Company's assets for his own personal gains and motivations and took other actions which were not authorized or approved by the Members.

NOW, THEREFORE, BE IT RESOLVED that Greg Foertsch's refusal to attend the lawfully called meeting of Members, his efforts to interfere with the meeting and his refusal to provide the information sought in the Document Demand were done contrary to the law, not in good faith and in an effort to further avoid his lawful obligations to the Members.

BE IT FURTHER RESOLVED that in light of Greg Foertsch's actions, he has demonstrated behaviors which are incompatible and at odds with the interests of the Company and its Members and that he has refused to act in accordance with his obligations to the Company and its Members.

BE IT FURTHER RESOLVED that further efforts to have Greg Foertsch comply with the demand and the law are futile and that Alison Kelly is authorized to pursue any and all remedies as are necessary on behalf of the Membership and the Company to address Greg Foertsch's breach of his obligations and to seek any remedies against him and others as are necessary on behalf of the Members and the Company.

There being no further business, upon motion duly made and seconded, the meeting was adjourned.



WITNESS: MEMBERS:

____________________________ ____________________________(SEAL)
Alison Kelly

____________________________ Not Present__________________(SEAL)
Greg Foertsch

**EXHIBIT 1**

**RKW LAW GROUP**

OWINGS MILLS
10075 Red Run Boulevard
Suite 401
Owings Mills, MD 21117
(443) 738-4900

FREDERICK
10 N. Jefferson St.
Suite 200
Frederick, MD 21701
(240) 220-2415

Donald J. Walsh
dwalsh@RKWLawGroup.com
Direct Dial: (443) 379-4011

May 9, 2024

*Via Email and Regular Mail*

Greg Foertsch
Bit Reactor, LLC
230 Schilling Cir Suite 100
Hunt Valley, MD 21031

Re:   Notice Pursuant to MD Code, Corporations and Associations, § 4A-403

Dear Mr. Foertsch:

Please be advised that I represent the only other member of Bit Reactor, LLC, Alison Kelly. As you know, Alison has increasing concerns about the stability of the Company, its workforce, your management and your use of the Company's assets. Pursuant to Maryland law, Ms. Kelly is calling a meeting of all members to be held on May 22, 2024 at 6:00 pm at the offices of Bit Reactor, LLC. The agenda for the meeting is to discuss the following issues:

- Identification of Ownership Interests of Bit Reactor, LLC including any contingent equity interests extended to third-parties
- Tax filings since inception of Bit Reactor, LLC and the status of K1's to all members
- Finalization of an Operating Agreement
- Discussion of current financial checks and balances which are in place
- The unilateral hiring of Company officers
- Ensuring Access to QuickBooks for all Members
- The current financial status of Bit Reactor, LLC to include availability and production of true, accurate and full information regarding the state of the business and financial condition of the company to include the following:
    o Employment contracts with any employees
    o Salaries/wages for employees and policies related to bonuses or raises
    o Keyman insurance policies
- Loans obtained by Bit Reactor, LLC
- Use of the funds of Bit Reactor, LLC in financial investments
- Employee Complaints of a hostile work environment
- Corporate opportunities being pursued

In addition to having this meeting, attached is a demand for various documents required to be produced by law to assist in this discussion as well as ensuring Bit Reactor, LLC is

EXHIBIT 1

Bit Reactor, LLC
May 9, 2024
Page 2

operating in compliance with the law, that transactions are being properly booked and that there is transparency in the Company's operations and finances.

You should also have received a copy of the letter sent to Paul Evelius to preserve documents in his and his firm's possession and recognition that, as corporate counsel, he is not permitted to represent you personally in this matter. If you decide to obtain personal counsel to assist you in this matter, those fees shall not be paid from the Company's funds without unanimous agreement of all Members, including Ms. Kelly.

I will be in attendance with Ms. Kelly for these conversations. Please let me know if you have any questions.

Sincerely,

Donald J. Walsh



OWINGS MILLS
10075 Red Run Boulevard
Suite 401
Owings Mills, MD 21117
(443) 738-4900

FREDERICK
10 N. Jefferson St.
Suite 200
Frederick, MD 21701
(240) 220-2415

Donald J. Walsh
dwalsh@RKWLawGroup.com
Direct Dial: (443) 379-4011

May 22, 2024

*Via Email (pevelius@wcslaw.com)*

Paul F. Evelius, Esquire
Wright, Constable & Skeen
1 Olympic Place, Ste 800
Towson, MD 21204

RE:   Bit Reactor, LLC

Dear Paul:

I received your letter of May 22 (attached) in which you (presumably as Company attorney) and Mr. Foertsch are intentionally interfering with the peaceful, lawful holding of a Meeting of the Members of Bit Reactor, LLC. This is unfortunate, however, it appears to be consistent with Mr. Foertsch's efforts to ignore his fiduciary obligations and responsibilities of transparency to the Members and to avoid any accountability for his actions.

Since Mr. Foertsch has threatened me and Ms. Kelly with criminal action should we enter the premises of the Company for the Member's Meeting which was properly noted to occur on May 22 at the offices of the Company (notice attached) and he has refused to identify another date, we have moved the location for today's Meeting to 700 Aliceanna St., Baltimore, MD 21202 at the same time. We look forward to discussing the issues noted in the Member Meeting Notice at that time.

Since you have not yet conceded your inability to represent Mr. Foertsch individually, please confirm that you have passed this notice directly to him or his new counsel.

Sincerely,

*[signature]*

Donald J. Walsh

Enclosures

cc:   Alison Kelly



**Wright, Constable & Skeen, L.L.P.** | Attorneys at Law

8th Floor · 1 Olympic Place · Towson, Maryland 21204 · Phone: 410-659-1300 · Toll Free: 1-888-894-7602 · Fax: 410-659-1350

**PAUL F. EVELIUS**
Writer's Direct Dial / Email:
(410) 659-1302/ pevelius@wcslaw.com

May 22, 2024

*VIA EMAIL dwalsh@rkwlawgroup.com*
*AND FIRST-CLASS MAIL*

Donald J. Walsh, Esquire
RKW Law Group
10075 Red Run Boulevard, Suite 401
Owings Mills, Maryland 21117

Dear Don:

This letter follows up the May 15, 2024 correspondence in which I stated to you that your client, Ms. Kelly, has no right to call a Bit Reactor, LLC member meeting. You are hereby advised that you have no right to enter up the premises of Bit Reactor for any purported 6:00 p.m. meeting today and that Bit Reactor will deem any attempt by you to enter upon its premises for any such meeting as trespassing. Likewise, Bit Reactor and its CEO, Mr. Foertsch, direct your client, Ms. Kelly, to be absent from Bit Reactor's premises during the time period from 5:45 p.m. to 11:59 p.m. today.

Sincerely,

Paul F. Evelius

PEF/bab



| | |
|---|---|
| **OWINGS MILLS** | **FREDERICK** |
| 10075 Red Run Boulevard | 10 N. Jefferson St. |
| Suite 401 | Suite 200 |
| Owings Mills, MD 21117 | Frederick, MD 21701 |
| (443) 738-4900 | (240) 220-2415 |

Donald J. Walsh
dwalsh@RKWLawGroup.com
Direct Dial: (443) 379-4011

May 9, 2024

*Via Email and Regular Mail*

Greg Foertsch
Bit Reactor, LLC
230 Schilling Cir Suite 100
Hunt Valley, MD 21031

Re:   Notice Pursuant to MD Code, Corporations and Associations, § 4A-403

Dear Mr. Foertsch:

Please be advised that I represent the only other member of Bit Reactor, LLC, Alison Kelly. As you know, Alison has increasing concerns about the stability of the Company, its workforce, your management and your use of the Company's assets. Pursuant to Maryland law, Ms. Kelly is calling a meeting of all members to be held on May 22, 2024 at 6:00 pm at the offices of Bit Reactor, LLC. The agenda for the meeting is to discuss the following issues:

- Identification of Ownership Interests of Bit Reactor, LLC including any contingent equity interests extended to third-parties
- Tax filings since inception of Bit Reactor, LLC and the status of K1's to all members
- Finalization of an Operating Agreement
- Discussion of current financial checks and balances which are in place
- The unilateral hiring of Company officers
- Ensuring Access to QuickBooks for all Members
- The current financial status of Bit Reactor, LLC to include availability and production of true, accurate and full information regarding the state of the business and financial condition of the company to include the following:
    o Employment contracts with any employees
    o Salaries/wages for employees and policies related to bonuses or raises
    o Keyman insurance policies
- Loans obtained by Bit Reactor, LLC
- Use of the funds of Bit Reactor, LLC in financial investments
- Employee Complaints of a hostile work environment
- Corporate opportunities being pursued

In addition to having this meeting, attached is a demand for various documents required to be produced by law to assist in this discussion as well as ensuring Bit Reactor, LLC is

operating in compliance with the law, that transactions are being properly booked and that there is transparency in the Company's operations and finances.

You should also have received a copy of the letter sent to Paul Evelius to preserve documents in his and his firm's possession and recognition that, as corporate counsel, he is not permitted to represent you personally in this matter. If you decide to obtain personal counsel to assist you in this matter, those fees shall not be paid from the Company's funds without unanimous agreement of all Members, including Ms. Kelly.

I will be in attendance with Ms. Kelly for these conversations. Please let me know if you have any questions.

Sincerely,

Donald J. Walsh



**EXHIBIT 3**

RKW LAW GROUP

OWINGS MILLS
10075 Red Run Boulevard
Suite 401
Owings Mills, MD 21117
(443) 738-4900

FREDERICK
10 N. Jefferson St.
Suite 200
Frederick, MD 21701
(240) 220-2415

Donald J. Walsh
dwalsh@RKWLawGroup.com
Direct Dial: (443) 379-4011

May 9, 2024

***Via Email and Regular Mail***

Greg Foertsch
Bit Reactor, LLC
230 Schilling Cir Suite 100
Hunt Valley, MD 21031

Re: Notice Pursuant to MD Code, Corporations and Associations, § 4A-406

Dear Mr. Foertsch:

Please be advised that I represent the only other member of Bit Reactor, LLC, Alison Kelly. Pursuant to Maryland law and in pursuit of her interests as a member, Ms. Kelly is demanding production of the following documents:

- True and full information regarding the state of the business and financial condition of Bit Reactor, LLC;
- A copy of any Operating Agreement in effect for the Company and any amendments thereto;
- A current list of the names and last known business, residence, or mailing addresses of all members or those who have received a contingent equity interest;
- A complete copy of the current QuickBooks files for Bit Reactor, LLC for the past three years;
- All income and personal property tax returns filed by Bit Reactor, LLC;
- All 941's which have been filed with the IRS;
- A complete copy of all credit card bills paid by Bit Reactor, LLC;
- Copies of any applications and bills for any insurance policies which are paid by Bit Reactor, LLC or through which Bit Reactor, LLC is an owner or beneficiary;
- All complaints or concerns raised by any employees concerning the workplace and any documents which refer, relate or otherwise pertain to any action taken in response to such complaints or concerns; and
- Any documents which refer, relate or otherwise pertain to concerns raised by the publisher of any projects upon which Bit Reactor, LLC is working.
- Any documents which refer or relate to any loans obtained by Bit Reactor, LLC

- All Slack conversations among management concerning the Company's operations, finances or ownership.
- All documents concerning any accounts, investment vehicles, deposits or CD's at any financial institutions.
- All records of any project updates.
- All communications and documentations pertaining to any stock plan or employee benefits plans.
- All password logs.
- All communications with any publisher by the Company's owners or officers.

The desire for these documents arises from the recent friction you have had with Ms. Kelly in providing transparency, the lack of an Operating Agreement and concerns which have been raised by employees directly with Ms. Kelly. As an equal owner in Bit Reactor, LLC and in her position as the COO, this information is necessary for her to protect her investment, ensure that her interests are being accurately represented and ensure that Bit Reactor, LLC is appropriately addressing employee issues.

Ms. Kelly agrees to maintain the confidentiality of this information as appropriate and consistent with the proprietary nature of this information.

Please let me know if you have any questions.

Sincerely,

Donald J. Walsh