IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALISON KELLY, | * |
| Plaintiff, | * |
| v. | *   Civ. No. JKB-24-02161 |
| GREGORY FOERTSCH, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Alison Kelly has brought this diversity action against Defendants Gregory Foertsch and Bit Reactor, LLC ("Bit Reactor") for, *inter alia*, breach of contract and breach of fiduciary duties. Defendants have filed a Motion to Dismiss for failure to state a claim (ECF No. 4), and Plaintiff has filed a Motion to Disqualify Counsel (the "Motion to Disqualify") (ECF No. 7). Today's ruling does not reach the substance of these motions, which will be addressed at a later date. Instead, the Court must first resolve a dispute about the briefing on the Motion to Disqualify.

Defendants have filed a Motion for Non-Consideration of, or in the Alternative for Leave to File Memorandum in Surreply to, Plaintiff's Reply Memorandum Concerning Motion to Disqualify Defense Counsel (the "Motion to File a Surreply"). (ECF No. 13.) For the following reasons, the Motion to File a Surreply will be granted in part, and Defendants will be permitted to file a surreply.

I.   **Background**

On September 3, 2024, Plaintiff filed the Motion to Disqualify, arguing that Defense Counsel—Paul Evelius of the law firm of Wright, Constable & Skeen, LLP—has conflicts of interest which Plaintiff will not waive, and that Defense Counsel is a necessary fact witness. (ECF

Nos. 7, 7-1.) In the brief accompanying the Motion to Disqualify, Plaintiff stated that Defense Counsel represented her in 2022 and 2023 during a dispute between Bit Reactor and another individual. (*See* ECF No. 7-1 at 3–4, 7.) However, Plaintiff did not present any evidence or cite to any authority to support her claim that Defense Counsel had formerly represented her. Defendants filed a Response in which they argued, *inter alia*, that there never was an attorney-client relationship between Plaintiff and Defense Counsel. (ECF No. 10 at 10–11.) In Plaintiff's Reply, she argued that there *was* an attorney-client relationship between her and Defense Counsel, and cited to numerous authorities in support of her contention. (ECF No. 12.) She also appended to the Reply two new items of evidence: (1) an Affidavit signed by her, concerning her relationship with Defense Counsel (the "Kelly Affidavit"); and (2) over 130 pages of email and text message communications between Defense Counsel and Plaintiff. (ECF Nos. 12-1–12-4.)

On October 16, 2024, Defendants filed the Motion to File a Surreply, arguing that Plaintiff improperly raised in her Reply brief both a new argument and new evidence. (ECF No. 13.) The purportedly new argument is that Defense Counsel had formed an attorney-client relationship by failing to dispel her impressions that he was her lawyer, and the new evidence consists of the Kelly Affidavit and the email and text communications. The Motion to File a Surreply is itself now fully briefed (*see* ECF Nos. 14, 15), and no hearing is necessary, *see* Local Rule 105.6 (D. Md. 2023).

II. **Discussion**

The practice of filing a surreply is "highly disfavored in this District," but the Court has the discretion to grant leave for such a filing in appropriate circumstances. *Suchin v. Fresenius Med. Care Holdings*, 715 F. Supp. 3d 703, 710 (D. Md. 2024). One such circumstance is when a party in its reply brief raises for the first time a matter that its opponent would otherwise be unable to contest. *Medish v. Johns Hopkins Health Sys. Corp.*, 272 F. Supp. 3d 719, 722 (D. Md. 2017).

Here, Plaintiff argues that a surreply is not warranted because she did not raise a new argument about the existence of an attorney-client relationship, but simply responded to Defendant's argument that no such relationship had existed. (ECF No. 14.) But, as the party moving to disqualify counsel, Plaintiff bears the burden of showing that disqualification is appropriate. *Jarallah v. Thompson*, 123 F. Supp. 3d 719, 732 (D. Md. 2015). Central to her argument in support of disqualification is her contention that a prior attorney-client relationship existed between her and Defense Counsel, and that this relationship creates a conflict of interest that she declines to waive. (ECF No. 7-1 at 7–11.) Because Plaintiff did not articulate her theory as to how an attorney-client relationship had been formed until her Reply brief, Defendants have not had a full opportunity to respond to this argument.

Moreover, Plaintiff presented evidence in support of her arguments for the first time in her Reply brief. If Defendants are not permitted to respond, then they will have no way of contesting that evidence or the conclusions Plaintiff asserts should be drawn from it. Plaintiff responds that Defense Counsel already had access to these emails and text messages (ECF No. 14 at 4), but even assuming that this is true, this argument misses the point. Plaintiff has the burden of proving all facts necessary to show that disqualification is appropriate, *Jarallah*, 123 F. Supp. 3d at 732; the burden is not on Defendants to preempt Plaintiff's arguments by proving that the evidence does *not* show that disqualification is appropriate. In any event, Plaintiff also produced the Kelly Affidavit, and obviously Defendants could not have had access to this Affidavit before it was executed on October 1, 2024. (ECF No. 12-1.)

Because Plaintiff raised new arguments and presented new evidence in her Reply brief, fairness dictates that Defendants be given an opportunity to respond in the form of a surreply. *See Boland v. Amazon.com Sales, Inc.*, 628 F. Supp. 3d 595, 599 (D. Md. 2022) (stating that the

discretion to permit the filing of a surreply "is typically used in the interest of fairness to permit parties to respond to new matters raised for the first time in the opposing parties' reply briefs").

Finally, the Court addresses Defendants' request that the Court disregard Plaintiff's newly raised evidence and arguments altogether. (ECF No. 13-1 at 4.) The Court has the discretion to decline to consider arguments newly raised for the first time in a reply memorandum. *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006). But because the Court will permit the filing of a surreply, and out of a desire to "resolve cases on the merits . . . whenever possible," *Parrish v. Leithman*, Civ. No. JKB-23-0342, 2023 WL 7632070, at *1 (D. Md. 2023), the Court will give due consideration to the new arguments and evidence raised in Plaintiff's Reply when it considers the merits of the Motion to Disqualify. *See, e.g., Clawson*, 451 F. Supp. 2d at 734–35 (considering an argument raised for the first time in a reply brief because the opponent had filed a surreply on the issue).

### III. Conclusion

For the foregoing reasons, it is ORDERED that:

1. Defendants' Motion to File a Surreply (ECF No. 13) is GRANTED IN PART, to the extent that it seeks leave to file a surreply, and DENIED IN PART, to the extent that it requests that the Court decline to consider newly raised materials in Plaintiff's Reply; and

2. Defendants SHALL FILE an appropriate surreply within 14 days of the date of this Memorandum and Order.

DATED this ___3___ day of December, 2024.

                                                      BY THE COURT:

                                                     _/s/ James K. Bredar_____

                                                     James K. Bredar
                                                     United States District Judge