IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALISON KELLY, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. JKB-24-02161 |
| GREGORY FOERTSCH, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

On January 21, 2025, the Court issued a Memorandum and Order indicating that it doubted the existence of subject-matter jurisdiction over this action, and directing the parties to show cause why the case should not be dismissed. (ECF No. 18.) Plaintiff has filed a response indicating that she consents to the dismissal of this case and has already filed an action in state court. (ECF No. 19.) Defendants, however, object to the Court's proposed dismissal, arguing that: (1) because the jurisdictional issue is intertwined with the merits, the Court should defer resolution of that issue until a final decision on the merits has been made; and (2) because Defendant Bit Reactor, LLC ("Bit Reactor") is a mere nominal party, its citizenship should be disregarded for jurisdictional reasons. (ECF No. 24.)

It is Plaintiff's responsibility to establish that the Court has subject-matter jurisdiction over this action. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). Although Plaintiff's response to the Court's show cause order is somewhat equivocal, she concludes by stating that "[t]his matter must therefore be dismissed without prejudice since the Court did not have complete diversity of citizenship to establish federal jurisdiction." (ECF No. 18.)

If Plaintiff believes in good faith that jurisdiction is lacking, then she cannot reasonably continue to pursue this action in this Court. By the same token, if she agrees with Defendants that subject-matter jurisdiction is not lacking, then the burden is on her—not Defendants—to persuade the Court of the same. Accordingly, it is ORDERED that, on or before Wednesday, February 19, 2025, Plaintiff SHALL FILE either:

1. A notice of voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i); or
2. A responsive brief, with citation to authority, showing that the Court does have subject-matter jurisdiction over this action.

DATED this 7 day of February, 2025.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge